IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEANETTE LEWIS** <br> 1000 S Broad Street <br> Lansdale, Pennsylvania 19446 <br><br> Plaintiff, <br><br> v. <br><br> **BJ'S WHOLESALE CLUB, INC.** <br> 640 Cowpath Road <br> Lansdale, Pennsylvania 19446 <br><br><br> Defendant. | JURY TRIAL DEMANDED <br><br><br> CASE NO. |

## COMPLAINT

Plaintiff, Jeanette Lewis, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101 *et seq.*, have been violated and avers as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Jeanette Lewis (hereinafter ("Plaintiff") or ("Ms. Lewis") or ("Lewis"), is an adult individual residing in Lansdale, Pennsylvania with a mailing address of 1000 S. Broad Street, Lansdale, Pennsylvania 19446.

2. Defendant, BJ's Wholesale Club, Inc., (hereinafter ("Defendant"), is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a prinicpal place of business at 640 Cowpath Road, Lansdale, Pennsylvania 19446.

3. At all times material hereto, Defendant employed Plaintiff at its 640 Cowpath Road, Lansdale, Pennsylvania location as set forth above and qualified as Plaintiff's employer.

1

4. Defendant was Plaintiff's employer from July 4, 2021, until she was terminated on August 3, 2022.

5. At all times, Defendant met the definition of "employer" under the ADA.

6. At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

7. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission).

8. This action is instituted pursuant to the Americans with Disabilities Act and applicable federal and state law.

9. Jurisdiction is conferred by 28 U.S.C. §1331 and §1343.

10. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

11. The venue is properly laid in this district because the Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. § 1391(b)(1) and (b)(2). Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

## II. FACTS

12. On or about July 4, 2021, BJ's Wholesale Club ("Respondent") hired Ms. Jeanette Lewis ("Complainant") as a full-time Deli Clerk. Ms. Lewis performed all duties asked of her without any complaints or issues.

13. During her employment, Ms. Lewis reported to Fresh Manager Melissa Votta who in turn reported to the Club Manager Lori Baksa.

14. It is clear that Ms. Lewis was subjected to disability discrimination/wrongful termination during her employment with Defendant.

15. In or around September 7, 2021, Ms. Lewis required surgery on her left ankle. As a result of her surgery, Ms. Lewis requested a leave of absence which Defendant granted.

16. Ms. Lewis remained out of work on an approved leave of absence for her ankle injury until on or about November 7, 2021.

17. Prior to returning to work, Ms. Lewis advised Defendant that she required accommodations to return to work.

18. Ms. Lewis' requested accommodations included, not standing or lifting anything without crutches or bear weight on her left foot.

19. On December 1, 2021, Ms. Lewis produced a note from her doctor stating that she could perform light duty work in a primarily seated position and that she could put no more than 50% weight bearing on her left leg.

20. Defendant was able to accommodate Ms. Lewis until Ms. Lewis was able to return to full-duty work in February of 2022.

21. On February 16, 2022, Ms. Lewis provided a note from her health care provider explaining that she could return to working without restriction, but that she should be allowed to wear an ankle brace.

22. Following her return to work, Ms. Lewis was required to attend doctor's appointments and physical therapy appointments for continuing medical treatment for her ankle along with treatment for mental health issues which had been exacerbated by Ms. Lewis' injury.

23. Ms. Lewis missed time from work for these doctor's appointments.

24. Ms. Lewis was written up for doctor visits and emergency room visits, with Defendant stating that she did not provide enough advance notice prior to taking or requesting the time off and this created a conflict in the schedule.

25. As a result of some of her medical appointments, Ms. Lewis requested Defendant to change her schedule.

26. Defendant refused to grant Ms. Lewis' request.

27. Although Ms. Lewis did try to request vacation time to cover some of her doctor's appointments, Defendant did not grant her request.

28. On or around August 3, 2022, Ms. Lewis was terminated based on attendance and her frustration surrounding Defendant's failure to accommodate her scheduling needs.

29. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

**COUNT I**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT**
**HARASSMENT & RETALIATION**
**(42 U.S.C.A. § 12101 et seq)**

30. Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

31. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

4

32. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

33. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

34. At all times material hereto, Ms. Lewis had a qualified disability, as described above.

35. Ms. Lewis's disabilities included a left ankle injury and resulting symptoms and limitations.

36. Plaintiff's disability substantially limited one or more of her major life activities, including, caring for herself, sleeping, concentrating, thinking and working.

37. Ms. Lewis was qualified to perform her job and was able to perform her essential job functions with or without a reasonable accommodation.

38. Defendant harassed and discriminated against Plaintiff on account of her disability by subjecting her to harassment and discrimination in the form of strict scrutiny and failure to accommodate her medical appointments upon her return from medical leave.

39. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

40. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based on them exercising their rights under the Americans with Disabilities Act.

41. Ms. Lewis engaged in protected activity when she requested time off for her medical condition and when she complained that she felt targeted because of her disability.

42. Defendant's reasons for Plaintiff's termination were pretextual.

43. As set forth above, Defendant's conduct in terminating Plaintiff is an adverse employment action, was taken as a result of Plaintiff's engaging in protected activity and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,

44. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

45. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

46. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Jeanette Lewis, demands judgment in her favor and against the Defendant in an amount in excess of $150,000.00 together with:

A. Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which she may be entitled.

B. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

  C. Punitive damages;

  D. Attorney's fees and costs of suit;

  E. Reimbursement for medical bills;

  F. Interest, delay damages; and,

  G. Any other further relief this Court deems just proper and equitable.


Date: May 23, 2023    **LAW OFFICES OF ERIC A. SHORE, P.C.**

            BY: */s/ Mary LeMieux-Fillery*
            **MARY LEMIEUX-FILLERY, ESQUIRE**
            **(Pa Id. No.: 312785)**
            Two Penn Center, Suite 1240
            1500 John F. Kennedy Boulevard
            Philadelphia, PA 19102
            Tel.: (267) 546-0132
            Fax: (215) 944-6124
            Email: maryf@ericshore.com
            *Attorneys for Plaintiff, Jeanette Lewis*

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

05/23/23
(Date Signed)

*Jeanette Lewis* (Electronically Signed, Nintex AssureSign®, 2023-05-24 01:19:25 UTC - 100.34.105.152, d0aed389-88b3-483a-84cc-b00b012dccb6)

Jeanette Lewis

8